IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| VERONICA McINTYRE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11 CV 50119 |
| | ) | |
| BRAD McCASLIN, Individually, TOM FEARN, | ) | |
| Individually, SANDY MESSENGER, Individually, | ) | |
| THE CITY OF SOUTH BELOIT, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the plaintiff, VERONICA McINTYRE, by her attorneys, SREENAN & CAIN, P.C., PATRICK M. MOORE, and brings this action for violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988 and related state claims.

## COUNT I

### Excessive Use of Force by Brad McCaslin

1. That jurisdiction of the Court in invoked pursuant to 42 U.S.C §§ 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(3), and the Constitution of the United States. Pendant jurisdiction is invoked with regard to the State law claims.

2. Plaintiff, VERONICA McINTYRE, is, and has been at all times relevant to this complaint, a citizen of the United States and a resident of the State of Illinois.

3. The Defendant, BRAD McCASLIN, at all times material to the Complaint, was a sworn police officer employed by the City of South Beloit, State of Illinois, acting within the course and scope of his employment and under the color of law.

4. The Defendant, TOM FEARN, at all times material to the Complaint, was a sworn police officer employed by the City of South Beloit, State of Illinois, acting within the course and scope of his employment and under the color of law.

5. The Defendant, CITY OF SOUTH BELOIT is municipality organized under the laws of the State of Illinois.

6. On March 8, 2008 Defendant McCASLIN responded to a call for assistance at the home of the Plaintiff.

7. Plaintiff was placed under arrest and transported to the South Beloit Police Department where she remained handcuffed and secured to a bench in the booking room.

8. Thereafter, Defendant McCASLIN deployed a Taser to the Plaintiff's neck.

9. The use of such force by Defendant McCASLIN was unreasonable and unnecessary, and therefore excessive, and violated the Fourth Amendment to the United States Constitution.

10. That as a direct and proximate result of the aforesaid, the Plaintiff, VERONICA McINTYRE, was then and there injured both internally and externally; that she suffered severe and permanent injuries; and that she suffered acute and prolonged physical and mental pain and suffering; and that she underwent medical care and lost earnings.

WHEREFORE, Plaintiff, VERONICA McINTYRE, demands judgment against the Defendant McCASLIN for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT II

### Excessive Use of Force by Tom Fearn

1-10. Plaintiff, VERONICA McINTYRE, incorporates by reference paragraphs 1 through 10 of Count I as paragraphs 1 through 10 of this Count II, as if fully set forth herein.

11. Defendant FEARN used physical force against the Plaintiff while she was secured in the booking room.

12. Defendant FEARN's use of force against the Plaintiff included pushing her onto a bench, choking her, and holding her down on the bench.

13. The use of such force by Defendant FEARN was unreasonable and unnecessary, and therefore excessive, and violated the Fourth Amendment to the United States Constitution.

14. That as a direct and proximate result of the aforesaid, the Plaintiff, VERONICA McINTYRE, was then and there injured both internally and externally; that she suffered severe and permanent injuries; and that she suffered acute and prolonged physical and mental pain and suffering; and that she underwent medical care and lost earnings.

WHEREFORE, Plaintiff, VERONICA McINTYRE, demands judgment against the Defendant FEARN for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT III

### Failure to Intervene

1.-14. Plaintiff, VERONICA McINTYRE, incorporates by reference paragraphs 1 through 14 of Count II as paragraphs 1 through 14 of this Count III, as if fully set forth herein.

15. Defendant SANDY MESSENGER at all times material to the Complaint, was a sworn police officer employed by the City of South Beloit, State of Illinois, acting within the course and scope of her employment and under the color of law.

15. Defendants FEARN and MESSENGER were present at and before the use of force by Defendant McCASLIN, with knowledge of all pertinent facts and circumstances of the conditions of Plaintiff's detention.

16. Defendants McCASLIN and MESSENGER were present at and before the use of force by Defendant FEARN, with knowledge of all pertinent facts and circumstances of the conditions of Plaintiff's detention.

17. Defendants FEARN and MESSENGER observed, were aware, or should have been aware, that Defendant McCASLIN was preparing to use excessive force by deploying a Taser.

18. Defendants McCASLIN and MESSENGER were aware, or should have been aware, that Defendant FEARN was preparing to use and using excessive force against the Plaintiff.

19. That Defendants FEARN, MESSENGER, and McCASLIN failed to take reasonable steps to intervene and protect Plaintiff from the excessive force employed against her.

20. That as a direct and proximate result of the aforesaid, the Plaintiff, VERONICA McINTYRE, was then and there injured both internally and externally; that she suffered severe and permanent injuries; and that she suffered acute and prolonged physical and mental pain and suffering; and that she underwent medical care and lost earnings.

WHEREFORE, Plaintiff, VERONICA McINTYRE, demands judgment against the

4

<s>Case: 3:11-cv-50119 Document #: 1 Filed: 04/27/11 Page 5 of 10 PageID #:5</s>

Defendants FEARN, MESSENGER, and McCASLIN for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT IV

### Attorney's Fees and Costs

1. Plaintiff, VERONICA McINTYRE, incorporates by reference all paragraphs of Counts I through III into this Count V, as if fully set forth herein.

2. 42 U.S.C. §1988 entitles Plaintiff to reasonable attorney's fees and costs for prosecuting this action if she is the prevailing party.

WHEREFORE, Plaintiff, VERONICA McINTYRE, demands judgment against all the Defendants in an amount necessary to recover all reasonable legal fees and costs of this suit.

## COUNT V

### Invasion of Privacy by Appropriation of Likeness

1.-3. The Plaintiff, VERONICA McINTYRE, incorporates by reference paragraphs one through three of Count I as paragraphs one through three of this Count V as if fully set forth herein.

4. That on or about May 8, 2008, a video was recorded at the South Beloit Police Department depicting the image of the Plaintiff.

5. On or before April 27, 2010, Defendant McCASLIN obtained a copy of the video depicting the image of the Plaintiff and appropriated it for his own commercial benefit, professional benefit, and other pecuniary gain.

6. Said use of the image of the Plaintiff was done without her consent.

<s>Case: 3:11-cv-50119 Document #: 1 Filed: 04/27/11 Page 5 of 10 PageID #:5</s>

Defendants FEARN, MESSENGER, and McCASLIN for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT IV

### Attorney's Fees and Costs

1. Plaintiff, VERONICA McINTYRE, incorporates by reference all paragraphs of Counts I through III into this Count V, as if fully set forth herein.

2. 42 U.S.C. §1988 entitles Plaintiff to reasonable attorney's fees and costs for prosecuting this action if she is the prevailing party.

WHEREFORE, Plaintiff, VERONICA McINTYRE, demands judgment against all the Defendants in an amount necessary to recover all reasonable legal fees and costs of this suit.

## COUNT V

### Invasion of Privacy by Appropriation of Likeness

1.-3. The Plaintiff, VERONICA McINTYRE, incorporates by reference paragraphs one through three of Count I as paragraphs one through three of this Count V as if fully set forth herein.

4. That on or about May 8, 2008, a video was recorded at the South Beloit Police Department depicting the image of the Plaintiff.

5. On or before April 27, 2010, Defendant McCASLIN obtained a copy of the video depicting the image of the Plaintiff and appropriated it for his own commercial benefit, professional benefit, and other pecuniary gain.

6. Said use of the image of the Plaintiff was done without her consent.

7. On or about April 27, 2010, Defendant McCASLIN obtained financial and other compensation through his use of the video depicting the image of the Plaintiff.

8. The above described reckless and/or intentional misappropriation of the Plaintiff's likeness constituted an invasion of her privacy which was done in willful and wanton disregard of her privacy rights.

9. As a direct and proximate result of the above referenced acts of Defendant McCASLIN, the Plaintiff was then and there injured both internally and externally; in that she suffered severe and permanent injuries and acute and prolonged mental pain and suffering, in an amount exceeding $50,000.00 (FIFTY THOUSAND DOLLARS), plus costs of suit.

WHEREFORE, the Plaintiff, VERONICA McINTYRE, prays for judgment against the Defendant, BRAD McCASLIN and THE CITY OF SOUTH BELOIT, for damages in an amount exceeding $50,000.00 (FIFTY THOUSAND DOLLARS), plus costs of suit.

## COUNT VI

### Violation of the Right of Publicity Act, 765 ILCS 1075

1.-4. The Plaintiff, VERONICA McINTYRE, incorporates by reference paragraphs one through four of Count V as paragraphs one through four of this Count VI as if fully set forth herein.

5. On or before April 27, 2010, the Defendant obtained a copy of the video depicting the image of the Plaintiff and used it for commercial purposes.

6. Said use of the Plaintiff's identity by the Defendant was done during her lifetime and without her consent.

7. As a direct and proximate result of the above referenced acts of the Defendant, the

6

Plaintiff was then and there injured both internally and externally; in that she suffered severe and permanent injuries and acute and prolonged mental pain and suffering, in an amount exceeding $50,000.00 (FIFTY THOUSAND DOLLARS), plus costs of suit.

8. As Defendant's use of the Plaintiff's identity was done willfully and in willful and wanton disregard of the Plaintiff's rights, the Plaintiff is entitled to punitive damages pursuant to 765 ILCS 1075/40

9. Pursuant to 765 ILCS 1075/55, the Plaintiff is entitled to attorney's fees, costs, and expenses.

WHEREFORE, the Plaintiff, VERONICA McINTYRE, prays for judgment against the Defendant, BRAD McCASLIN and THE CITY OF SOUTH BELOIT, for damages, including punitive damages and attorney's fees and costs, in an amount exceeding $50,000.00 (FIFTY THOUSAND DOLLARS), plus costs of suit.

## COUNT VII

### Intentional Infliction of Emotional Distress

1.-4. The Plaintiff, VERONICA McINTYRE, incorporates by reference paragraphs one through four of Count VI as paragraphs one through four of this Count VII as if fully set forth herein.

5. On or about May 8, 2008, the Defendant was in a position of authority and power over the Plaintiff as she was an arrestee in his custody as a South Beloit Police Officer.

6. On or about May 8, 2008, the Defendant engaged in extreme and outrageous conduct in that he physically assaulted the Plaintiff with a taser without lawful justification.

7. On or before April 27, 2010, the Defendant continued to engage in related

7

extreme and outrageous conduct by utilizing a video recording of the May 8, 2008 incident and his knowledge of the events depicted therein to falsely claim retaliation and protected status as a whistleblower and seek financial and other professional gains from the City of South Beloit, believing that they would concede to his demands to minimize their exposure to liability as a result of the May 8, 2008 incident.

8. On or around April 27, 2010, the Defendant continued to engage in extreme and outrageous conduct in that he obtained financial and other professional gains from the City of South Beloit by utilizing a video recording of the May 8, 2008 incident and his knowledge of the events depicted therein to capitalize on the City of South Beloit's desire to minimize their exposure to liability as a result of the May 8, 2008 incident.

9. The Defendant's conduct was intentional and/or reckless to the degree that he knew or should have known that severe emotional distress was substantially certain to result to the Plaintiff.

10. As a direct and proximate result of the Defendant's conduct, the Plaintiff suffered severe emotional distress in that she suffers from a profound loss of self-esteem, depression, and other emotional and mental difficulties and suffering which have negatively impacted her physically, emotionally, and socially.

11. The damages in connection with the Defendant's actions in this regard exceed $50,000.00 (FIFTY THOUSAND DOLLARS), plus costs of suit.

WHEREFORE, the Plaintiff, VERONICA McINTYRE, prays for judgment against the Defendant, BRAD McCASLIN and THE CITY OF SOUTH BELOIT, for damages in an amount exceeding $50,000.00 (FIFTY THOUSAND DOLLARS), plus costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                              VERONICA McINTYRE, Plaintiff

                              BY: /s/ Patrick M. Moore
                              PATRICK M. MOORE
                              Attorney for Plaintiff

*Prepared by:*
PATRICK M. MOORE #6297232
SREENAN & CAIN, P.C.
321 West State Street, Suite 700
Rockford, IL 61101
(815) 962-5490

CERTIFICATE OF SERVICE

The undersigned Attorney Daniel J. Cain hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P.5, LR5.5, and the General Order on Electronic Case Filing (ECF), the forgoing: Complaint was served on April 27, 2011, pursuant to the District Court's ECF system, on all ECF filers.

By: /s/ Patrick M. Moore
PATRICK M. MOORE
Attorney at Law
321 West State Street, Suite 700
Rockford, IL 61101
(815) 962-5490