# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50119 | **DATE** | 12/7/2011 |
| **CASE TITLE** | McIntyre vs. McCaslin, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' joint motion to dismiss the original complaint [15] is denied as moot. Defendants' joint motion to dismiss the amended complaint [34] is denied. Defendants' joint motion for sanctions [17] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Veronica McIntyre, has filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that various police officers and officials of the City of South Beloit, Illinois violated her constitutional rights and committed various state-law torts. Defendants move to dismiss the federal claims and for sanctions. For the following reasons, defendants' motions are denied.

### I. ALLEGATIONS

Plaintiff filed her original complaint in this case on April 27, 2011. Now in her amended complaint, plaintiff alleges as follows. On May 8, 2008, plaintiff was arrested and transported to the South Beloit Police Department where she was handcuffed to a bench in the booking area. Defendant officers, Brad McCaslin, Tom Fearn, and Sandy Messenger, knew that plaintiff was intoxicated. In Count I, plaintiff alleges that sometime after she was secured in the booking room, McCaslin used excessive force against her in violation of the Fourth Amendment by deploying a taser on her neck. In Count II, plaintiff alleges that Fearn used excessive force against her in violation of the Fourth Amendment by pushing her onto the bench, choking her, and holding her down on the bench. In Count III, plaintiff alleges that Fearn and Messenger failed to intervene to protect plaintiff from the excessive force used by McCaslin and that McCaslin and Messenger failed to intervene to protect plaintiff from the excessive force used by Fearn. As a result of these acts, plaintiff suffered injuries. The combination of plaintiff's intoxication and emotional condition at the time of the incident, and the emotional and mental damage inflicted as a result of the incident, left plaintiff with a diminished ability to recall the events in the booking room.

In Count IV, plaintiff alleges that after the May 8, 2008 incident, defendant officers, as well as defendants Randy Kirichkow, Pam Clifton, Ryan Griffin, Robert Redieske, and Robert Stone, officials of the City of South Beloit, became aware of a surveillance video recording depicting the excessive force used against plaintiff. Defendants conspired and agreed to deprive plaintiff of her constitutional right to access the courts by suppressing the video and depriving plaintiff of the knowledge of the video until after May 8, 2010, when they believed that she would no longer be able to assert her rights in court. The conspiracy, including a written agreement to

**STATEMENT**

suppress the contents of the video, was aimed at advancing the interests of the conspirators and evading liability while denying plaintiff access to the courts.

Count V is a claim for attorney's fees under 42 U.S.C. § 1988. Counts VI, VII, and VIII are state-law claims for invasion of privacy, violation of the Right of Publicity Act, and intentional infliction of emotional distress.

## II. ANALYSIS

Defendants move to dismiss Counts I, II, III, and IV with prejudice and to dismiss the state-law claims without prejudice. Defendants contend that the excessive force claims in Counts I through III were filed outside the applicable two-year statute of limitations, see 735 ILCS 5/13-202, and that plaintiff has failed to state a claim for conspiracy to deny her access to the courts. Defendants have also moved for sanctions, pursuant to Federal Rule of Civil Procedure 11, contending that plaintiff filed Counts I through III after the statute of limitations had run. Plaintiff takes issue with each of defendants' contentions and urges the court to deny defendants' motions.

### A. Statute of Limitations

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Generally, "[t]he statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993). However, "if a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995). Where a defendant moves to dismiss a claim which on its face is outside the statute of limitations, plaintiff must articulate a valid reason for tolling the statute. Ray v. Maher, ___ F.3d ___, 2011 WL 5313826, at *2 (7th Cir. Nov. 1, 2011) (affirming district court's Rule 12(b)(6) dismissal of § 1983 claims on statute of limitations grounds and finding that "the plaintiff has presented no justifiable reason to toll the limitations period").

In this case, plaintiff's § 1983 claims ordinarily would be subject to Illinois' two-year statute of limitations. See 735 ILCS 5/13–202; Kelly v. City of Chi., 4 F.3d 509, 511 (7th Cir.1993) ("Courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations in a section 1983 case."). Defendants argue the one-year statute of limitations for civil actions against local entities or employees, 745 ILCS 10/8-101, applies to the claims in Counts I through III. This argument lacks merit. While governmental entities and their employees benefit from a one-year statute of limitations for "civil actions" against them such as state-law claims that are joined with § 1983 claims, the two-year period still applies to § 1983 claims against such defendants. Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005). Thus, absent tolling or some exception to the application of the statute of limitations, the limitations period for Counts I through III ran on May 8, 2010, well before this case was filed on April 27, 2011.

Plaintiff advances three arguments in support of her contention that there are questions of law and fact in this case which preclude the court from granting the motion to dismiss on statute of limitations grounds: (1) she has alleged a diminished ability to recall the events of May 8, 2008, such that the discovery rule postpones the accrual of her cause of action; (2) the doctrine of fraudulent concealment precludes dismissal; and (3) because McCaslin and Fearn are currently under indictment for armed violence, which is a Class X felony, the claims she has stated in Counts I, II and III are potentially excluded from the two-year limitations period under §§ 13-202 and 13-202.1. At a minimum, the court agrees that plaintiff's third ground precludes dismissal of Counts I through III. Consequently, it is unnecessary to address the other two grounds and the court expresses no opinion on their merit at this time.

| STATEMENT |
|---|

Sections 13-202 and 13-202.1. provide in pertinent part:

Actions for damages for an injury to the person . . . except damages resulting from first degree murder or the commission of a Class X felony and the perpetrator thereof is convicted of such crime, shall be commenced within 2 years next after the cause of action accrued.

735 ILCS 5/13-202.

(a) Notwithstanding any other provision of law, any action for damages against a person, however the action may be designated, may be brought at any time if --

(1) the action is based upon conduct of a person which constituted the commission of first degree murder, a Class X felony, or a Class 1 felony as these terms are utilized at the time of filing of the action; and

(2) the person was convicted of the first degree murder, Class X felony, or Class 1 felony.

. . . .

(c) Paragraphs (a) and (b) above shall apply to any cause of action regardless of the date on which the defendant's conduct is alleged to have occurred or of the date of any conviction resulting therefrom. In addition, this Section shall be applied retroactively and shall revive causes of actions which otherwise may have been barred under limitations provisions in effect prior to the enactment and/or effect of P.A. 84-1450.

735 ILCS 5/13-202.1.

Defendants argue that the language of § 13-202.1 was struck down by the Illinois Supreme Court in Sepmeyer v. Holman, 162 Ill. 2d 249 (1994), as a violation of substantive due process rights. However, in Sepmeyer, the Illinois Supreme Court only struck subsection (c) of § 13-202.1, which applied the statute retroactively and revived causes of actions that were otherwise barred under limitations provisions in effect prior to the statute's enactment. Id. at 255 ("We find the issue well settled that the expiration of the statute of limitations creates a vested right beyond legislative interference."). Sepmeyer did not strike the statute as it applies to causes of action like this one which accrued after the enactment of § 13-202.1.

Because the criminal charges remain pending against McCaslin and Fearn, there is the potential that plaintiff will at some point be able to establish that McCaslin or Fearn have been convicted of a Class X felony charge as is required under § 13-202.1(a)(2). Therefore, the court is unable to dismiss Counts I through III on statute of limitations grounds at this stage of the litigation.

### B. Conspiracy

Defendants also argue that plaintiff has failed to state a claim for conspiracy to deny her access to the courts. Plaintiff maintains that her amended complaint alleges an agreement to deprive her of access to the courts and the existence of acts in furtherance of the conspiracy such that the cause of action is properly pleaded. The court agrees with plaintiff.

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must provide sufficient details about the claim such that defendant has "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration and quotation marks omitted). Although this standard does not require a detailed factual allegation, a complaint that merely offers legal conclusions or a "recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 (quotation marks omitted). In reviewing a Rule 12(b)(6) motion, the court accepts plaintiff's

**STATEMENT**

well-pleaded facts as true, and draws all reasonable inferences in plaintiff's favor. Pugel v. Bd. of Trs. of Univ. of Ill., 378 F.3d 659, 662 (7th Cir. 2004).

In order to allege a conspiracy under § 1983, plaintiff must allege: (1) an express or implied agreement among defendants to deprive her of her constitutional right, and (2) actual deprivation of that right in the form of overt acts in furtherance of the agreement. Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir.1988); see also Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998). Plaintiff also must allege a concrete injury, namely that defendants' conduct actually denied her access to the courts. Gibson v. City of Chi., 910 F.2d 1510, 1523 (7th Cir.1990).

In her amended complaint, plaintiff alleges that defendants conspired to cover-up their use of excessive force against plaintiff by keeping the video from her until the statute of limitations expired. Plaintiff also alleges an overt act in paragraph 28 of her amended complaint where she alleges a written agreement to suppress the contents of the video. Although not clear from the amended complaint itself, plaintiff has explained that this agreement is the release and settlement agreement entered into by defendants and McCaslin on April 1, 2010, after McCaslin threatened to sue following his termination from employment as a South Beloit Police Officer.[1] These allegations are sufficient to state a claim upon which relief can be granted. Therefore, defendants' motion to dismiss Count IV is denied.

### C. Motion for Sanctions

Defendants also move for sanctions pursuant to Rule 11 against plaintiff and her counsel contending that they lacked a good faith basis to bring the § 1983 claims alleged in Counts I through III because these claims were clearly outside the applicable two-year statute of limitations. Under appropriate circumstances, sanctions may be imposed where the plaintiff's claims were clearly barred by the applicable statute of limitations. See Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750, 752-53 (7th Cir. 1988). However, this court certainly cannot say that plaintiff did not have a good faith basis to file these claims given the potential that Counts I through III may prove timely. Thus, defendants' motion for Rule 11 sanctions is denied.

### III. CONCLUSION

Based on the foregoing, defendants' motions to dismiss Counts I through IV of plaintiff's amended complaint and for sanctions are denied.

---

1. Plaintiff has attached the release and settlement agreement to her response to defendants' motion to dismiss. Although consideration of matters outside the pleadings is not generally permitted when ruling on a Rule 12(b)(6) motion without converting it to a Rule 56 motion, Fed. R. Civ. P. 12(d), one circumstance where it is permitted is where a document attached to a motion to dismiss is considered part of the pleadings because it is referred to in the plaintiff's complaint and is central to her claim. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). The Seventh Circuit has also uphold the consideration of documents attached to a motion to dismiss without conversion to a summary judgment motion where there is an agreement by the parties regarding authenticity of the documents. See Hecker v. Deere & Co., 556 F.3d 575, 582 (7th. Cir. 2009). In this case, plaintiff refers to the release and settlement agreement in her amended complaint and defendants do not dispute the authenticity of the document or object to this court's consideration of it in ruling on their motion. Accordingly, the court will consider the release and settlement agreement without converting defendants' motion to a Rule 56 motion.